# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DEMOND MAPP** | * | **CIVIL ACTION NO:** _____ |
| *Plaintiff* | * | |
| | * | |
| **VERSUS** | * | **JUDGE:** _____ |
| | * | |
| **UMG RECORDINGS, INC.** | * | |
| *Defendant* | * | **MAGISTRATE:** _____ |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

**NOW INTO COURT**, through undersigned counsel, comes **DESMOND MAPP P/K/A "DEZ DYNAMIC"** (hereinafter referred to as "Plaintiff" or "Mapp"), a person of the full age of majority domiciled in the Parish of East Baton Rouge, State of Louisiana, who respectfully represents the following:

### JURISDICTION AND VENUE

1.

This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C.A. §101 et seq.)

2.

This Court has jurisdiction under 17 U.S.C.A. §101 et seq; 28 U.S.C.A. §1331 (federal question); and 28 U.S.C.A. §1338(a) (copyright). Plaintiff also invokes the Court's supplemental jurisdiction relative to certain related state law claims.

3.

This Court has personal jurisdiction over the Defendant, and venue in this District is proper under 28 U.S.C.A. §1391 (b) and 28 U.S.C.A. §1400(a), in that the Defendant does

business in this district and acts of infringement complained of herein are occurring in this district.

## PARTIES

4.

Plaintiff, Desmond Mapp ("Plaintiff" or "Mapp"), is a record producer, singer and songwriter residing in East Baton Rouge Parish, State of Louisiana.

5.

Defendant, UMG Recordings, Inc.("UMG"), is a Delaware corporation with its principal place of business at 2220 Colorado Avenue, Santa Monica, California 90404, who is engaged in the business of manufacturing, distributing, and selling records in various mediums throughout out the United States, for itself and others. UMG can be served through its registered agent for service of process, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

## FACTS

6.

Upon information and belief, Tyga Music, LLC (hereinafter referred to as "Tyga Music"), is a special purpose entity formed to furnish the recording services of its owner, Michael Stevenson, p/k/a "Tyga" (hereinafter referred to as "Stevenson"), to Young Money Entertainment, LLC (hereinafter referred to as "Young Money").

7.

Young Money provides Tyga Music access to record distribution services throughout the United States through UMG.

8.

On or about September 1, 2012, Mapp entered into a Producer Agreement (hereinafter referred to as "Agreement") with Tyga Music relative to the musical composition "Molly," which Stevenson incorporated on the album "Hotel California."

9.

In consideration of Mapp's services and pursuant to the Agreement, Mapp was to be paid an advance of $10,000.00 plus royalties based on the sale of the record. One-half of the advance was due immediately following commencement of the recording of "Molly" or Mapp's execution of the Agreement with Tyga Music.

10.

The second half of the advance was due to Plaintiff following his actual delivery of "Molly" or the full execution of the Agreement, whichever occurred later.

11.

Mapp delivered "Molly" to Tyga Music as per the Agreement, who in turn delivered it to Young Money and/or their agents and assigns. Thereafter, upon information and belief, Young Money delivered "Molly" to UMG who began exploiting it as a single on or about March 29, 2013 and on the album "Hotel California" on or about April 9, 2013.

12.

Despite satisfactory delivery and amicable demand, Tyga Music never paid Mapp the $10,000.00 advance required by the Agreement.

13.

Additionally, Tyga Music never paid Mapp the producer royalty which was agreed to be three percent (3%) for top-line, full priced net sales of the album, through normal retail channels in the United States ("USNRC Net Sales"), increasing to three and one-half percent (3.5%) for USNRC Net Sales of albums in excess of five hundred thousand (500,000) units sold and to four percent (4%) for USNRC Net Sales of albums in excess of one million (1,000,000) units sold.

14.

Upon information and belief, Defendant has sold more than Seven Hundred Thousand (700,000) copies of "Molly" in various formats around the world.

15.

Because of Tyga Music's failure to pay the advance and the royalty, on April 20, 2015, in the matter entitled *Desmond Mapp p/k/a "Dez Dynamic" vs. Young Money Entertainment, LLC and Tyga Music, LLC*, Docket Number 00078436, Division C, 29th Judicial District Court, Parish of St. Charles, State of Louisiana, the Court entered judgment in favor of Mapp and against Tyga Music and Young Money, dissolving the Agreement dated September 1, 2012 between Mapp and Tyga Music in accordance with LSA-C.C.P. arts. 2013, et seq. because of the their failure to perform, reserving unto Mapp the right to seek damages in accordance with LSA-C.C.P. arts. 2013, et seq. See Attached Exhibit A.

16.

On June 23, 2015, Mapp, through undersigned counsel, sent UMG notice by certified mail, return receipt requested, that the Agreement between Mapp and Tyga Music relative to "Molly" had been judicially dissolved, that Tyga Music's rights to exploit "Molly" had been

revoked, and that all manufacturing, marketing, distribution and sales activities of the song "Molly" should cease. See Attached Exhibit B.

17.

Additionally on August 17, 2015, Mapp filed a copyright registration for the sound recording "Molly," paid the requisite fee, received confirmation of the filing from the U.S. Copyright Office and made a complete material deposit as evidence by attached Exhibit C.

## COUNT I
## INFRINGEMENT OF COPYRIGHT

18.

Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

19.

Plaintiff is the copyright owner under United States copyright with respect to the sound recording of the musical composition of the song "Molly" (the "Copyrighted Recording").

20.

Among Plaintiff's exclusive rights under the Copyright Act is the exclusive right to reproduce the Copyrighted Recording, distribute the Copyrighted Recording to the public in any and all media and mediums, and "stream" the Copyrighted Recording digitally.

21.

Plaintiff is informed and believes that Defendant, UMG, without the permission or consent of Plaintiff, has used, and continues to use, an online media distribution system to distribute and/or sell digital versions of the Copyrighted Recording to the public. Additionally, UMG has and continues to manufacture, distribute and sell the Copyrighted Recording in physical formats. Additionally, UMG is streaming or making the Copyrighted Recording

available for streaming through various online digital music services. In doing so, UMG has and continues to violate Plaintiff's exclusive rights.

22.

Defendant's actions constitute infringement of Plaintiff's copyrights and exclusive rights under copyright.

23.

Plaintiff is informed and believes that the foregoing acts of infringement have been willful and intentional in disregard of and with indifference to the rights of Plaintiff especially since they continue despite actual notice of the judicial dissolution of the September 1, 2012 Agreement.

24.

As a result of Defendant's infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to damages pursuant to 17 U.S.C.A. § 504(c) for Defendant's infringement of the Copyrighted Recording. Plaintiff further is entitled to his attorney's fees and costs pursuant to 17 U.S.C.A. § 505.

## COUNT II
## VICARIOUS OR CONTRIBUTORY INFRINGEMENT

25.

Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

26.

Upon information and belief, UMG claims the exclusive right to manufacturing, reproducing, selling, distributing and/or streaming of "Molly" as beneficiary of the aforementioned agreements between Stevenson, Tyga Music, and Young Money.

27.

Without the assistance of UMG, Stevenson, Tyga Music, Young Money and others would be unable to exploit "Molly."

28.

UMG's conduct, as alleged, constitutes vicarious or contributory infringement of Plaintiff's copyright and exclusive rights under copyright, through one or more of the following non-exclusive acts:

1. Facilitating the sale of "Molly" in physical and digital formats for Stevenson;
2. Facilitating the sale of "Molly" in physical and digital formats for Tyga Music;
3. Facilitating the sale of "Molly" in physical and digital formats for Young Money;
4. Facilitating the sale of "Molly" in physical and digital formats for others claiming rights derivative of the foregoing persons and entities;
5. Facilitating the "streaming" of "Molly" through various online music service providers;
6. Facilitating the licensing of "Molly" to third parties;

which UMG knew or should have known that any or all of the foregoing lacked the right to do so and UMG materially facilitated their unlawful conduct and declined to exercise its right to stop or limit others from infringing Plaintiff's copyright.

29.

As a direct and proximate result of the Defendant's vicarious infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to damages pursuant to 17 U.S.C.A. §504(b) for each infringement.

# COUNT III
## UNFAIR TRADE PRACTICES AND UNFAIR COMPETITION

30.

Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

31.

Defendant's conduct alleged above constitutes unlawful, unfair, and/or fraudulent business practices in violation of Louisiana law.

32.

By reason of Defendant's infringing activities, Plaintiff has sustained and will continue to sustain substantial injury, loss and damage to its ownership rights. Furthermore, these wrongful, infringing activities have proximately caused and will continue to cause Plaintiff loss of customers, dilution of its goodwill, confusion of existing and potential customers, injury to its reputation, and diminution of the value of its products.

33.

The harm these wrongful and infringing activities will cause Plaintiff is both imminent and irreparable, and the amount of damage sustained by Plaintiff will be difficult to ascertain if these acts continue. Plaintiff has no adequate remedy at law.

34.

Plaintiff is entitled to an injunction restraining Defendant, its officers, agents, employees and all persons acting in concert with them from engaging in further such unlawful and infringing conduct, and all damages under the law.

## COUNT IV
## REQUEST FOR INJUNCTION

35.

The conduct of Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C.A. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendants from further infringing Plaintiff's copyright and ordering Defendants to destroy all copies of sound recordings made in violation of Plaintiff's exclusive rights.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray for judgment against Defendant as follows:

1. For an injunction enjoining UMG from directly or indirectly infringing Plaintiff's rights under federal or state law in the Copyrighted Recording and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiff (or any parent, subsidiary, or affiliate record label of Plaintiff) ("Plaintiff's Recording"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiff's Recording, to distribute (i.e., upload) any of Plaintiff's Recording, stream any of Plaintiff's Recording, or to make any of Plaintiff's Recording available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff. Furthermore, requiring UMG to destroy all physical copies of Plaintiff's Recording, erase all digital copies Defendant has downloaded onto any computer hard drive or server without Plaintiff's authorization and shall deliver proof when accomplished.

2. For damages, actual or statutory, for each infringement (direct or indirect) of each Copyrighted Recording pursuant to 17 U.S.C.A. § 504.

3. For damages for violation of Louisiana Unfair Trade Practices Act and for Defendant's unfair competition.

4. For Defendant to be required to account for all gains, profits, and advantages derived from its acts of infringement and for its other violations of law.

5. For Plaintiff's costs in this action.

6. For Plaintiff's reasonable attorney's fees incurred herein.

7. For such other and further relief, either at law or in equity, general or special, to which they may be entitled.

**Dated: September 9, 2015**

RESPECTFULLY SUBMITTED:
THE MAUGHAN LAW FIRM

_____
ROY H. MAUGHAN, JR., #17672
NAMISHA D. PATEL, #31911
634 CONNELL'S PARK LANE
BATON ROUGE, LOUISIANA 70806
TELEPHONE: (225) 926-8533
FAX: (225) 926-8556
rmaughanjr@maughanlaw.com
npatel@maughanlaw.com
*Attorneys for the Plaintiff, Desmond Mapp*