UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DESMOND MAPP                                               CIVIL ACTION

VERSUS                                                     NO. 15-602-JWD-RLB

UMG RECORDINGS, INC.

**ORDER**

Before the court is Defendant's Motion For Stay of Discovery (R. Doc. 17) filed on February 4, 2016. Defendant seeks a stay of discovery pending the resolution of its simultaneously filed Motion for Judgment on the Pleadings (R. Doc. 16).

Desmond Mapp ("Plaintiff") initiated this copyright infringement action on September 9, 2015. (R. Doc. 1). Plaintiff filed an Amended Complaint on September 15, 2015. (R. Doc. 2). Plaintiff alleges that he is a record producer, singer, and songwriter who owns a copyright with respect to the sound recording of a musical composition. Plaintiff asserts that UMG Recordings, Inc. ("Defendant") has infringed on his copyright by manufacturing, distributing, and selling the copyrighted sound recording in physical and streaming formats. Plaintiff seeks damages and injunctive relief for the alleged copyright infringements and violations of the Louisiana Unfair Trade Practices Act.

On November 3, 2015, Defendant filed an Answer to the Amended Complaint. (R. Doc. 9).

On November 17, 2015, the parties filed a joint Status Report, in which Defendant represented that if the parties did not expeditiously settle the case, it intended to file a motion for judgment on the pleadings and request a stay of discovery until such motion was decided. (R. Doc. 12 at 5).

On December 15, 2015, the court issued a Scheduling Order providing that all discovery must be completed by June 3, 2016 and all dispositive motions must be filed by July 4, 2016. (R. Doc. 15).

On February 4, 2016, months after filing the Status Report, Defendant filed the instant Motion. (R. Doc. 17).  In essence, Defendant seeks issuance of a protective order staying discovery until the resolution of Defendant's pending Motion for Judgment on the Pleadings.

Rule 26(c) allows the court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).  Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

"Trial courts possess broad discretion to supervise discovery." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) (citation omitted).  "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).  Nevertheless, the court is not required to stay discovery while a dispositive motion based on the pleadings is pending. *See*, *e.g.*, *Von Drake v. Nat'l Broad. Co., Inc.*, No. 04-0652, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004) ("While discovery may be stayed pending the outcome of a motion to dismiss, the issuance of stay is by no means automatic.").  Furthermore, "[c]ourts have cautioned that a stay of all discovery is not appropriate when it could prevent a party from having a sufficient opportunity to develop a factual base for defending against a dispositive

motion." *Reich Album & Punkett, L.L.C.*, No. 06-10850, 2007 WL 1655677, at *3 (E.D. La. June 4, 2007) (quotation omitted).

Here, Defendant has not advanced sufficient "good cause" under Rule 26(c) to warrant a stay of discovery pending the resolution of its Motion for Judgment on the Pleadings. While Defendant represented in the joint Status Report that it would potentially request the relief sought in the instant Motion, it has not identified particular and specific facts, considering the claims involved in this action, that warrant the stay requested. Defendant does not identify any discovery conducted or sought by Plaintiff that would subject Defendant to undue burden or expenses. Furthermore, staying discovery at this point of the litigation would prejudice Plaintiff's ability to conduct discovery on factual issues that may be relevant to submitting or defending a summary judgment motion within the deadlines established by the court.

Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion For Stay of Discovery (R. Doc. 17) is **DENIED.**

Signed in Baton Rouge, Louisiana, on April 19, 2016.

 _____
 **RICHARD L. BOURGEOIS, JR.**
 **UNITED STATES MAGISTRATE JUDGE**