UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| DESMOND MAPP | * | CIVIL ACTION |
| --- | --- | --- |
| *Plaintiff* | * | NO: 3:15-cv-00602 |
| | * | |
| VERSUS | * | JUDGE: JOHN W. DeGRAVELLES |
| | * | |
| UMG RECORDINGS, INC. | * | MAGISTRATE: RICHARD L. |
| *Defendant* | * | BOURGEOIS, JR. |

## MEMORANDUM IN SUPPORT OF MOTION TO ALTER OR AMEND JUDGMENT

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, Desmond Mapp, who respectfully moves this Court under Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend its judgment entered on September 21, 2016 (Doc. 44) for the following reasons:

## BACKGROUND FACTS:

Plaintiff filed his complaint on September 9, 2015 (Doc. 1) and thereafter filed an Amended Complaint for Copyright Infringement on September 15, 2015 (Doc. 2). The complaint and amended complaint both identified Plaintiff as a citizen of the state of Louisiana and Defendant as a foreign corporation although federal question jurisdiction was alleged. Defendant filed its answer on November 3, 2015 (Doc. 9) and thereafter filed a Motion for Judgment on the Pleadings on February 4, 2016 (Doc. 16). Plaintiff filed a memorandum in opposition on March 28, 2016 (Doc. 25). Oral arguments were heard on July 13, 2016, whereby the Court requested additional briefing, along with a proposed amended complaint, which would cure insufficiencies in the initial pleadings, if any (Doc. 35). Plaintiff filed his supplemental memorandum on July 26, 2016 (Doc. 36) and attached a proposed Second Amended Complaint, which cited diversity of citizenship as an additional basis for jurisdiction in this Court. Defendant filed its supplemental memorandum on August 9, 2016 (Doc. 39).

**LAW AND ARGUMENT:**

*Standard for Relief Under Rule 59(e)*

A motion to reconsider under Rule 59(e) should be granted to correct a clear error, whether law or fact, and to prevent a manifest injustice. *Flynn vs. Terrebonne Parish School Bd.,* 348 F.Supp.2d 769 (E.D. La. 2004). A moving party must satisfy at least one of the following criteria to prevail on a Rule 59(e) motion: (1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) the motion is justified by an intervening change in the controlling law. *Id.* The Court can and should correct clear errors in order to "preserve the integrity of the final judgment." *Turmani vs. Republic of Bolivia,* 273 F.Supp.2d 45 (D.D.C. 2002).

The Judgment entered on September 21, 2016 was predicated on a clear error of law, and therefore should be reconsidered. The dismissal of the suit on a clear error of law is manifestly unjust.

*Jurisdiction of the Court*

Jurisdiction under 28 U.S.C.A. § 1332 (diversity) has existed and has been factually alleged since the original complaint was filed. Plaintiff further clarified that this matter arose out of 28 U.S.C.A. § 1332 in his proposed amendment because the matter in controversy exceeded the sum or value of $75,000 exclusive of interest and costs.

In its Judgment, the Court dismissed Count I for copyright infringement, Count II for vicarious or contributory infringement, and Count IV, request for injunction in connection with the Defendant's Motion for Judgment on the Pleadings. However, under Mapp's original and amended complaint along with his proposed Second Amended Complaint, there were numerous

state law claims pled against the Defendant, including unfair trade practices and unfair competition, unjust enrichment/quantum meruit/constructive trust, conversion, accounting, damages under La. Civ. Code Art. 2315, et seq., and damages under La. Civ. Code art. 2423, as acknowledged by the Court in its written reasons for judgment. However, when dismissing the federal question claims, the Court stated it was going to decline to exercise supplemental jurisdiction over the state law claims in accordance with 28 U.S.C. §1367(c). It is Plaintiff's contention that the Court erred when it used the analysis under 28 U.S.C. §1367, as the original jurisdiction of the Court was predicated on 28 U.S.C. § 1331, 1332, and/or 1338. When the Court granted Defendant's Motion for Judgment on the Pleadings as it relates to the infringement claims, jurisdiction no longer exists under 28 U.S.C. §1331 or 1338, but remains under 28 U.S.C. §1332.

Under 28 U.S.C. §1332, the district courts have original jurisdiction in all civil matters if the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. In this case, the Plaintiff is a citizen of East Baton Rouge Parish, State of Louisiana. The Defendant is a Delaware corporation with its principal place of business in the State of California. Upon information and belief, Defendant, UMG has manufactured and sold more than 700,000 copies of Molly 2 in various formats around the World, and therefore, the matter in controversy exceeds $75,000.00, exclusive of interest and costs. Thus, this Court has original jurisdiction over the Plaintiff's state law claims as it relates to unfair trade practices and unfair competition, unjust enrichment/quantum meruit/constructive trust, conversion, accounting, damages under La. Civ. Code Art. 2315, et seq. and damages under La. Civ. Code art. 2423, thereby making the Judgment of this Court dated September 21, 2016, clearly erroneous as a matter of law.

**CONCLUSION**

For the above and foregoing reasons, Plaintiff requests this Court to alter and/or amend its Judgment dated September 21, 2016, and reverse its judgment dismissing Plaintiff's state law claims. This Court has jurisdiction over the state law claims under 28 U.S.C. §1332.

**Dated: October 10, 2016.**         **RESPECTFULLY SUBMITTED:**
                                     **THE MAUGHAN LAW FIRM**

                                     s/   Roy H. Maughan, Jr.
                                     **ROY H. MAUGHAN, JR., #17672**
                                     **NAMISHA D. PATEL, #31911**
                                     **634 CONNELL'S PARK LANE**
                                     **BATON ROUGE, LOUISIANA 70806**
                                     **TEL: (225) 926-8533; FAX: (225) 926-8556**
                                     *Attorneys for the Plaintiff, Desmond Mapp*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 10th day of October, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record and/or all parties.

                                  s/ Roy H. Maughan, Jr.
                                  **ROY H. MAUGHAN, JR.**