UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DESMOND MAPP                                         CIVIL ACTION

VERSUS                                               NO. 15-602-JWD-RLB

UMG RECORDINGS, INC.

**ORDER**

Before the Court is Plaintiff's Motion to Compel (R. Doc. 57) filed on July 25, 2017. Plaintiff seeks an order compelling Defendant to respond to interrogatories and requests for production propounded on June 8, 2017.

Also before the Court is Defendant's Motion for Stay of Discovery Pending Ruling on Motion to Dismiss (R. Doc. 55) filed on July 5, 2017. The motion is opposed. (R. Doc. 60 at 11). Defendant has filed a Reply. (R. Doc. 67).

**I.  Background**

Desmond Mapp ("Plaintiff") initiated this copyright infringement action on September 9, 2015. (R. Doc. 1). Plaintiff filed an Amended Complaint on September 15, 2015. (R. Doc. 2). Plaintiff alleges that he is a record producer, singer, and songwriter who owns a copyright with respect to the sound recording of a musical composition. Plaintiff asserts that UMG Recordings, Inc. ("Defendant") has infringed on his copyright by manufacturing, distributing, and selling the copyrighted sound recording in physical and streaming formats. Plaintiff seeks damages and injunctive relief for the alleged copyright infringements and violations of the Louisiana Unfair Trade Practices Act.

On December 4, 2015, the Court issued a Scheduling Order setting, among other things, the deadline to amend the pleadings and adding new parties and/or claims on March 4, 2016; the deadline for the parties to complete non-expert discovery on June 3, 2016; the deadline to

complete expert discovery on June 3, 2016; and for trial to commence on May 1, 2017. (R. Doc. 15).

On February 4, 2016, Defendant filed a motion for stay of discovery (R. Doc. 17) pending resolution of its motion for judgment on the pleadings (R. Doc. 16) filed the same day. The Court denied the motion. (R. Doc. 29).

On May 27, 2016, Plaintiff filed a motion for extension of the deadlines. (R. Doc. 31). Plaintiff represented that he "propounded interrogatories and requests for production of documents, and consented to an extension to respond to the discovery by February 4, 2016." (R. Doc. 31 at 1). Defendant ultimately provided discovery responses on April 30, 2016. (R. Doc. 30 at 1). Plaintiff specifically sought leave only for extensions of the deadlines to amend the complaint, disclose the identities and resumes of experts, to submit expert reports, and to complete expert discovery. (R. Doc. 31 at 2-3). The Court required expedited briefing on the motion. (R. Doc. 32).

On June 17, 2016, the Court granted in part and denied in part Plaintiff's motion for extension of the deadlines. (R. Doc. 34). The Court reset the deadlines related to expert discovery and provided an extension of the deadline to file dispositive motions. (R. Doc. 34 at 2). The Court specifically stated that it did not "find good cause for reopening the deadline for amending the pleadings." (R. Doc. 34 at 4). As Plaintiff did not seek an extension of the deadline to complete non-expert discovery, much less establish good cause for such an extension, and the Defendants opposed any such extension (R. Doc. 33), the Court did <u>not</u> extend the deadline to complete non-expert discovery. Accordingly, non-expert discovery closed and the deadline to file any discovery related motions occurred on June 3, 2016.

On July 27, 2016, Plaintiff filed another Motion for Extension of the deadlines, seeking an order staying all remaining deadlines until the district judge had ruled on a Defendant's pending motion for judgment on the pleadings (R. Doc. 16) filed on February 4, 2016. (R. Doc. 37).

On August 5, 2016, after conferring with the district judge, the undersigned found "good cause to stay all remaining deadlines in this action, including the trial date." (R. Doc. 38 at 2). The undersigned specifically stated that it was "not making a finding that there is good cause to re-instate any deadlines that expired prior to the filing" of Plaintiff's July 27, 2016 motion to extend the deadlines. (R. Doc. 38 at 2). The expired deadlines included the deadline to complete non-expert discovery (expired on June 3, 2016); the deadline for Plaintiff to disclose experts (expired on June 30, 2016); and the deadline for Defendant to disclose experts (expired on July 14, 2016). The undersigned further ordered the parties to "contact the undersigned within **7 days** of resolution of Defendant's Motion, so that the Court may take appropriate action." (R. Doc. 38 at 3).

On September 21, 2016, the district judge granted Defendant's Motion for Judgment on the Pleadings, dismissing all federal claims with prejudice and all state claims without prejudice. (R. Doc. 44).

Plaintiff subsequently filed a Motion to Alter or Amend Judgment. (R. Doc. 45).

On May 3, 2017, the district judge granted Plaintiff's Motion to Alter or Amend Judgment. (R. Doc. 48). The district judge vacated the ruling dismissing Plaintiff's state law claims, and granted Plaintiff 30 days to amend his Complaint to properly allege diversity jurisdiction under 28 U.S.C. § 1332. (R. Doc. 48 at 15). Neither party contacted the undersigned for the purpose of issuing new deadlines in this action.

On June 7, 2017, Plaintiff's Third Amended Complaint was entered into the record. (R. Doc. 51).

On June 8, 2017, Plaintiff served on Defendant the interrogatories and requests for production at issue. (R. Doc. 57-2).

On July 5, 2017, Defendant's filed a Motion to Dismiss or Summary Judgment. (R. Doc. 54) and a Motion for Stay of Discovery Pending Ruling on Motion to Dismiss (R. Doc. 55). Those motions remain pending before the district judge.

On July 25, 2017, Plaintiff filed the instant Motion to Compel. (R. Doc. 57).

## II. Law and Analysis

### A. Plaintiff's Motion to Compel (R. Doc. 57)

The Court will deny Plaintiff's Motion to Compel for the following reasons.

Rule 37(a)(1) of the Federal Rules of Civil Procedure provides that any motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Failure to comply with the meet and confer requirement may constitute sufficient reason to deny a motion to compel. *Shaw Grp. Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014); *see also Forever Green Athletic Fields, Inc. v. Babcock Law Firm, LLC*, No. 11-633 (M.D. La. July 2, 2014) (denying motion to compel where defense counsel made a single attempt by email to meet and confer and did not do so in a good faith effort to resolve the dispute without court intervention). The instant Motion to Compel does not contain the required Rule 37(a)(1) certification.[1]

---

[1] Plaintiff's attached an email indicating that Plaintiff would file a motion to compel if responses to discovery were not provided the next day. (R. Doc. 57-3). This email does not satisfy the requirements of Rule 37(a)(1). The Rule 37 conference is an effort to avoid judicial intervention, and the parties must treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes. At a

4

Local Rule 26(d)(2) provides that "[w]ritten discovery is not timely unless the response to that discovery would be due before the discovery deadline" and "[t]he responding party has no obligation to respond and object to written discovery if the response and objection would not be due until after the discovery deadline." LR 26(d)(2). Accordingly, Plaintiff's discovery requests served on June 8, 2017 are untimely, as they were served more than one year after the close of non-expert discovery.

Local Rule 26(d)(1) provides that "[a]bsent exceptional circumstances, no motions relating to discovery, including motions under Fed. R. Civ. P. 26(c), 29, and 37, shall be filed after the expiration of the discovery deadline, unless they are filed within seven days after the discovery deadline and pertain to conduct during the final seven days of discovery." LR 26(d)(1). Accordingly, the instant motion to compel, which was filed over one year after the close of discovery, is untimely. *See* LR 26(d)(1); *see also Price v. Maryland Cas. Co.*, 561 F.2d 609, 611 (5th Cir. 1977) (denying motion to compel filed after the close of discovery where party had been "inexcusably dilatory in his efforts"); *Days Inn Worldwide, Inc. v. Sonia Investments*, 237 F.R.D. 395, 396-99 (N.D. Tex. 2006) (motion to compel was untimely filed two weeks after the discovery deadline; motion should have been filed within discovery deadline); *Wells v. Sears Roebuck and Co.*, 203 F.R.D. 240, 241 (S.D. Miss. 2001) ("[I]f the conduct of a respondent to discovery necessitates a motion to compel, the requester of the discovery must protect himself by timely proceeding with the motion to compel. If he fails to do so, he acts at his own peril.")).

Nothing in this Order shall preclude Plaintiff from serving the foregoing interrogatories and requests for production on Defendant should the Court find good cause for reopening the non-expert discovery deadline at a later date.

---

minimum, counsel should attempt to schedule a conference, by phone, on a specific date and time to attempt to resolve any discovery issue directly.

**B.     Defendant's Motion to Stay Discovery (R. Doc. 55)**

Rule 26(c) allows the court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

"Trial courts possess broad discretion to supervise discovery." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) (citation omitted). "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). Nevertheless, the court is not required to stay discovery while a dispositive motion based on the pleadings is pending. *See*, *e.g.*, *Von Drake v. Nat'l Broad. Co., Inc.*, No. 04-0652, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004) ("While discovery may be stayed pending the outcome of a motion to dismiss, the issuance of stay is by no means automatic."). Furthermore, "[c]ourts have cautioned that a stay of all discovery is not appropriate when it could prevent a party from having a sufficient opportunity to develop a factual base for defending against a dispositive motion." *Reich Album & Punkett, L.L.C.*, No. 06-10850, 2007 WL 1655677, at *3 (E.D. La. June 4, 2007) (quotation omitted).

Pursuant to the Court's August 5, 2016 Order (R. Doc. 38), the Court stayed the parties' expert report deadlines, the expert discovery deadline, the dispositive and Daubert motion deadlines, and all other deadlines up to and including the trial date of May 1, 2017. As discussed

above, the deadline to complete non-expert discovery expired on June 3, 2016. Defendant's motion to stay discovery clearly seeks a stay of the non-expert discovery deadline, as Defendant seeks to avoid having to respond to Plaintiff's discovery requests propounded on June 8, 2017. (R. Doc. 55-1 at 4). As discussed above, the non-expert discovery deadline has expired and the Court will not compel responses to discovery propounded after the expiration of the non-expert discovery deadline.

That said, the Court recognizes that in light of the district judge's ruling on May 3, 2017 (R. Doc. 48) and the filing of the Third Amended Complaint (R. Doc. 51), a new trial date and related pre-trial deadlines must be set, including the stayed deadlines to exchange expert reports and complete expert discovery. In addition, given the district judge's prior ruling and the apparent recognition of both parties that additional non-expert discovery is required at least with regard to the remaining state law claims, there may be good cause for reopening non-expert discovery and the expert disclosure deadlines in this action, or the district court may find good cause to allow some additional discovery prior to resolution of the pending Motion to Dismiss or for Summary Judgment. (R. Doc. 54).

Accordingly, although there are no deadlines currently pertaining to the unexpired deadlines covered by the August 5, 2016 Order, the Court will grant the Motion to Stay Discovery. (R. Doc. 55). No further discovery shall commence absent an Order of the Court. The parties are directed to contact the undersigned immediately upon a ruling by the district judge on the pending Motion to Dismiss so that appropriate action can be taken and a new trial date be set.

### III. Conclusion

**IT IS ORDERED** that Plaintiff's Motion to Compel (R. Doc. 57) is **DENIED**.

**IT IS ORDERED** that Defendant's Motion to Stay Discovery (R. Doc. 55) is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties shall contact the undersigned immediately upon a ruling on the pending Motion to Dismiss (R. Doc. 54) so that new deadlines can be set, if necessary.

Signed in Baton Rouge, Louisiana, on August 17, 2017.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**